```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------x

 ELLIOT HIRSCH,

                        Plaintiff,           MEMORANDUM & ORDER
                                              21-CV-4147(EK)(VMS)

            -against-

 CAROLYN E. WADE, Justice of the
 Supreme Court, Kings County; STATE OF
 NEW YORK, et al.,

                        Defendants.

---------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Elliot Hirsch, proceeding *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. § 1983 against Justice Carolyn Wade of the New York Supreme Court, Kings County. Hirsch alleges that Justice Wade denied his May 2021 application to bring suit against a Family Court judge (also in Kings County) without paying the required filing fee under New York Civil Practice Law and Rules ("CPLR") 1101. Am. Compl. ¶¶ 5-6, ECF No. 16. Hirsch has also sued James Blain in his capacity as the Deputy Clerk of that court; the State of New York; and the Attorney General of New York State, in connection with his divorce action proceeding in Kings County Supreme Court. *Id.* ¶¶ 1, 4, 24.

Hirsch challenges CPLR 1101(b) and two other provisions relating to indigent litigants, CPLR 8022(b) and

8020(a), asserting that they inhibit his access to the courts in violation of his federal constitutional rights under the First and Fourteenth Amendments. Am. Compl. ¶¶ 28-45. He seeks, among other relief, a declaratory judgment that these CPLR provisions are unconstitutional and injunctive relief enabling him to litigate his divorce action without paying the applicable fees. Hirsch has filed several additional motions and letters, including multiple requests to amend the complaint to (among other things) add defendants and seek injunctive relief. *See* ECF Nos. 22, 28-31, 34, 37-38, 40, 55. Because adjudicating Hirsch's suit would require this Court to interfere with pending state proceedings and because all defendants are entitled to immunity, I deny Hirsch's pending motions and dismiss the complaint with prejudice pursuant to 28 U.S.C. § 1915.

## I. Background

The following allegations are taken from the first amended complaint, unless otherwise noted. The Court considers documents incorporated in that complaint by reference and takes judicial notice of filings made in the relevant state court proceedings to which Hirsch is a party. *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 773-74 (2d Cir. 1991).

As noted above, Hirsch is a party to a number of cases in Kings County Supreme Court. His divorce case was pending, as of April 13, 2022, before Justice Joanne Quinones. *See* Am.

Compl. ¶¶ 14, 24; Pl.'s Second Mot. for Order to Show Cause for Prelim. Inj. ("Pl.'s Second Mot.") 2, ECF No. 40.

Hirsch is also the plaintiff in a Family Court case against his wife. *See Hirsch v. Kairey*, No. O-11778-20 (N.Y. Fam. Ct. 2020). Judge Lisa Friederwitzer is presiding in that case. In May 2021, Hirsch filed a petition and order to show cause against Judge Friederwitzer in Kings County Supreme Court, seeking an order prohibiting her from "removing" counsel assigned to him in the Family Court action.[1] *See* Petition, *Hirsch v. Friederwitzer*, Index No. 512786/2021 (N.Y. Sup. Ct. May 27, 2021), Doc. No. 1; Order to Show Cause, *Friederwitzer*, Index No. 512786/2021, Doc. No. 6. In the petition for a writ of prohibition, Hirsch alleged that Judge Friederwitzer "refused to sign" an order to show cause regarding his counsel assignment. Petition ¶ 12. On May 28, 2021, Justice Wade let this refusal stand: she denied Hirsch's "Order to Show Cause for Poor Person Relief," noting that Judge Friederwitzer had declined to sign his order to show cause in the Family Court action because he already "had a pending request for [assignment of counsel]" and an upcoming scheduled court date. Order ("Wade Order") 1, *Friederwitzer*, Index No. 512786/2021, Doc. No. 8; *see* Exhibit

---

[1] New York County Law Article 18-B requires each county to have a plan to provide representation to certain indigent parties pursuant to New York's Family Court Act. N.Y. County Law § 722. Hirsch's petition suggests that he had previously been assigned counsel under Article 18-B. *See* Petition ¶¶ 7-12.

("osc in family court denied"), *Friederwitzer*, Index No. 512786/2021, Doc. No. 5.  The denial appears to have been without prejudice to renew; Justice Wade instructed Hirsch that future applications must include a certification that the claims are meritorious, pursuant to CPLR 1101(b).  *See* Wade Order 1.  On that basis, according to Hirsch, Justice Wade denied his "application to proceed as a poor person" and therefore did not address his underlying petition.  Am. Compl. ¶¶ 5-6.

That same month, Hirsch filed this suit in the Southern District of New York.  *See* ECF No. 1.  The case was transferred to this Court in July 2021.  *See* ECF No. 5.  Hirsch amended the complaint in May 2022.  *See* ECF No. 16 (operative complaint); Docket Order dated May 4, 2022 (granting leave to amend).  Hirsch argues that the three CPLR provisions referenced above violate his "First Amendment freedom to petition," procedural and substantive due process rights, and his rights secured by the Equal Protection Clause of the Fourteenth Amendment.[2]  Am. Compl. 5-8.[3]  He asks for three forms of relief: (1) a declaratory judgment that the three CPLR provisions are unconstitutional, (2) "an injunction to the New

---

[2] CPLR 1101(b) provides that the "court may require" a party seeking a fee waiver to file a statement from an attorney stating that the attorney "believes there is merit to the moving party's contentions."  CPLR 8022(b) provides a fee schedule for filing appeals in civil cases.  CPLR 8020(a) sets a fee schedule for calendaring new cases and for filing motions.

[3] Page numbers in citations to record documents refer to ECF pagination rather than the documents' internal page numbers.

York State legislature compelling them to create a Statute that allows indigent citizens . . . to proceed in divorce actions with full fee waivers," (3) and an injunction compelling Deputy Clerk Blain "to allow me to proceed in my divorce action as a poor person and having New York State pay all fees on my behalf." *Id.* at 9.

Since this case landed here, Hirsch has filed a slew of motions and letter requests. Several seek to further amend the complaint to add two defendants: the judge presently assigned to Hirsch's divorce proceeding (Justice Quinones) and a court-appointed forensic psychologist in that proceeding (Dr. Mark Rand). *See* ECF Nos. 28–31. Defendants requested a pre-motion conference on an anticipated motion to dismiss. *See* Defs.' Letter Mot. for pre-motion conference dated April 19, 2022, ECF No. 19; Def.'s Letter Mot. for pre-motion conference dated June 2, 2022, ECF No. 33. Even though I have not (before today) ruled on the motion to add Justice Quinones as a party, Hirsch has filed three separate motions seeking a preliminary injunction to enjoin her from taking certain actions in his divorce proceeding. *See* ECF Nos. 37–38, 40.[4] In addition,

---

[4] On June 28, 2022, Hirsch filed two identical motions for an order to show cause barring Justice Quinones from presiding over his divorce proceeding. *See* ECF Nos. 37–38. The third motion, filed on June 30, 2022, attaches the same supporting memorandum of law and exhibits included with the first two motions, but asks that the Court add Justice Quinones as a party to this action and then issue his requested preliminary injunction. *See* ECF No. 40.

5

Hirsch has moved to enjoin Deputy Clerk Blain from "removing a notice of appeal I file[d]." Pl.'s Mem. in Supp. of Mot. for Order to Show Cause ¶ 1, ECF No. 58-1.

## II. Legal Standard for *Pro Se* Plaintiffs

At the pleading stage, "all well-pleaded, nonconclusory factual allegations" in the complaint are assumed to be true. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010).[5] Because *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, the Court will read a *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191 (2d Cir. 2008). Still, a *pro se* plaintiff is not exempt from "compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983). Among other things, a *pro se* complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Williams v. Bronx Cnty. Child Support Customer Serv. Unit*, 741 F. App'x 854, 855 (2d Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although factual allegations in the complaint are assumed to be

---

[5] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations and internal quotation marks.

true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an *in forma pauperis* action that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when "the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). "A complaint will be dismissed as frivolous when it is clear that the defendants are immune from suit." *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999).

### III.   Discussion

**A.   *Younger* Abstention**

Hirsch is asking this federal court to supervise the pending proceedings in state court, including by reviewing judges' decisions denying his requests to proceed without paying fees, ordering a court clerk to accept certain filings, and removing a judge from his divorce proceeding. The doctrine first announced in *Younger v. Harris*, 401 U.S. 37 (1971), counsels federal courts to abstain from exercising jurisdiction in cases that relate to pending state court proceedings. This abstention obligation extends to "civil proceedings involving certain orders uniquely in furtherance of the state courts'

7

ability to perform their judicial functions." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013).  Moreover, family law matters, including those involving divorce and child custody proceedings, implicate "an area of law that federal courts and Congress leave almost exclusively to state law and state courts."  *Khalid v. Sessions*, 904 F.3d 129, 133 (2d Cir. 2018); *see also United States v. Windsor*, 570 U.S. 744, 766 (2013) ("[S]ubject to [constitutional] guarantees, regulation of domestic relations is an area that has long been regarded as a virtually exclusive province of the States.").

The Second Circuit has applied *Younger* in circumstances similar to this case, including where a plaintiff challenged the constitutionality of state statutes authorizing judges to order parents to pay for their children's court-appointed attorneys in divorce and custody proceedings.  *See Falco v. Justs. of the Matrimonial Parts of Sup. Ct. of Suffolk Cnty.*, 805 F.3d 425, 428 (2d Cir. 2015).  In *Falco*, the Second Circuit concluded that abstention was appropriate because the "lawsuit implicate[d] the way that New York courts manage their own divorce and custody proceedings — a subject in which the states have an especially strong interest."  *Id.* at 427.

Here, Hirsch requests that this Court supervise and second-guess the orders of state court judges.  In addition, in his request to add Justice Quinones as a defendant, Hirsch asks

8

the Court to enjoin Justice Quinones "from presiding over [his] current divorce proceeding." Pl.'s Second Mot. 2. Hirsch points to no legal basis to issue such sweeping relief. Moreover, such relief would plainly require this federal court to interfere with the ongoing divorce proceeding currently in New York Supreme Court.

Hirsch's claims for declaratory relief are likewise subject to *Younger* abstention because striking down New York's statutes establishing filing fees and allowing judges to require attorney certification of the merits of an indigent litigant's claims would necessarily interfere with pending state court proceedings in which judges have required both of Hirsch. *See Smith v. Cuomo*, No. 10-CV-4794, 2010 WL 4789397, at *1 (E.D.N.Y. Nov. 17, 2010) (abstaining under *Younger* where plaintiff sought declaration that a New York penal statute was unconstitutional); *Bukowski v. Spinner*, 709 F. App'x 87, 88 (2d Cir. 2018) (affirming district court's application of *Younger* to dismiss claims for, among other things, declaratory relief).

Even if *Younger* abstention was inappropriate in this case, Hirsch's suit cannot proceed for another reason, as explained below: all defendants are entitled to immunity.

9

**B. Justice Wade and Deputy Clerk Blain Are Entitled to Statutory Judicial Immunity**

Hirsch does not appear to seek money damages, but instead requests only declaratory and injunctive relief. *See* Am. Compl. 9. As amended in 1996, Section 1983 bars injunctive relief "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Hirsch's claims against Justice Wade arise out of her ruling allegedly denying his application to proceed as a poor person in state court against Judge Friederwitzer. These are plainly actions within the scope of Justice Wade's judicial capacity. Hirsch, moreover, did not allege that "a declaratory decree was violated" or that "declaratory relief was unavailable." *Montero*, 171 F.3d at 761; *see Caldwell v. Pesce*, 83 F. Supp. 3d 472, 484 (E.D.N.Y. 2015) ("[D]eclaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order."). Hirsch's claims against Justice Wade are therefore foreclosed under Section 1983.

Deputy Clerk Blain is entitled to immunity as well. Judicial immunity also applies to staff who perform "tasks which are judicial in nature and an integral part of the judicial process." *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997);

*see McKnight v. Middleton*, 699 F. Supp. 2d 507, 525 (E.D.N.Y. 2010) ("[A] clerk's acts that implement judicial decisions or that are performed at the direction or under the supervision of a judicial officer come under the ambit of judicial immunity."). Hirsch alleges that the deputy clerk is "controlling what papers the Supreme Court will accept from me and he has been the one removing motions and notices of appeal." Am. Compl. ¶ 24. Accepting Hirsch's allegations as true, these actions are part of the judicial process. Deputy Clerk Blain — at the direction of Justice Quinones, who denied Hirsch's requested fee waivers — is rejecting motions he has attempted to file without paying the required fees. Hirsch's claims against Blain are thus likewise barred under Section 1983. *See Caldwell*, 83 F. Supp. at 482 n.5, 484 (according immunity to chief clerk whom plaintiffs alleged incorrectly accepted and rejected filings).

C. **The State of New York and Attorney General Are Entitled to Sovereign Immunity**

Hirsch also names the State of New York and New York Attorney General Letitia James as defendants. The Eleventh Amendment precludes federal courts "from hearing suits at law or in equity against a State brought by citizens of that State or another," barring "proper Congressional abrogation or State waiver." *Vega v. Semple*, 963 F.3d 259, 281 (2d Cir. 2020). "It is well established that New York State has not waived its

11

sovereign immunity from Section 1983 claims," and "Congress did not abrogate that immunity when it enacted Section 1983." *Harrison v. New York*, 95 F. Supp. 3d 293, 314 (E.D.N.Y. 2015) (collecting cases). Thus, the suit against the State of New York is barred by sovereign immunity.

Prospective injunctive relief "is available against individuals being sued in their official capacities in order to correct an ongoing violation of federal law." *JTE Enterprises, Inc. v. Cuomo*, 2 F. Supp. 3d 333, 340 (E.D.N.Y. 2014). "The doctrine of *Ex Parte Young* is a limited exception to the general principle of sovereign immunity and allows a suit for injunctive relief challenging the constitutionality of a state official's actions in enforcing state law under the theory that such a suit is not one against the State, and therefore not barred by the Eleventh Amendment." *CSX Transp., Inc. v. N.Y. State Off. of Real Prop. Servs.*, 306 F.3d 87, 98 (2d Cir. 2002).

That exception does not apply to Hirsch's suit against the Attorney General. He makes no specific allegation against the Attorney General; the official's only mention in the complaint comes in the caption and in one paragraph of the complaint, which lists the office's business address. *See* Am. Compl. ¶ 4. Hirsch has not identified any way in which the Attorney General has violated his constitutional rights in the past, let alone how she is doing so on a continuous basis.

12

Thus, sovereign immunity applies, and Hirsch's claims against the Attorney General are dismissed.

**D.   Leave to Amend Would be Futile**

Since being granted leave to amend, Hirsch has filed various motions for leave to further amend his complaint. All seek to add Justice Quinones, the judge presiding over his divorce action, and Dr. Rand, the court-appointed forensic psychologist in that action. *See* ECF Nos. 28-31. Such amendment would be futile, and therefore leave is denied.[6]

Leave to amend a complaint may be denied as futile where there is a "substantive" problem with a suit such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see O'Hara v. Weeks Marine, Inc.*, 294 F.3d 55, 69 (2d Cir. 2002) ("[A] district court may deny leave to amend the complaint if the amendment would be futile.").

Plaintiff's proposed amendments to the complaint would be futile. Justice Quinones would be entitled to judicial immunity for the same reasons discussed above with regard to Hirsch's claims against Justice Wade. Dr. Rand, in his role as a court-appointed forensic psychologist, would also be entitled to immunity. *See McKnight*, 699 F. Supp. 2d at 527. "Court-

---

[6] Given that I deny Hirsch's request to amend as futile, and Hirsch's requests for injunctive relief are directed at Justice Quinones, who is not a party to this case, his motions at ECF Nos. 37, 38, and 40 are denied.

13

appointed forensic evaluators act as arms of the court and enjoy judicial immunity from federal civil rights liability as a non judicial person who fulfills a quasi-judicial role at the court's request." *Monte v. Vance*, No. 18-CV-9595, 2018 WL 11302546, at *4 (S.D.N.Y. Nov. 7, 2018).

## IV.  Conclusion

For the reasons stated above, Hirsch's suit is dismissed.  All pending motions are disposed of via this order.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any *in forma pauperis* appeal from this order would not be taken in good faith.  *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

　　　　　　　　　　　　　　　　　　　　/s/ Eric Komitee
　　　　　　　　　　　　　　　　　　ERIC KOMITEE
　　　　　　　　　　　　　　　　　　United States District Judge

Dated:    January 5, 2022
          Brooklyn, New York